## SANDEFUR EX. VS. MATTINGLEY.

Where but two witnesses are examined as to a fact, and they disagree in their statements, the finding of the court sitting as a jury, one way or the other, is conclusive, there being no motion for a new trial.

Where one receives a note from another, to be used in some purpose of his own if it will answer the purpose, and if not to return it, and he loses it, the inconvenience resulting to the owner of the note from its loss, is a sufficient consideration to support a promise, made by the party who thus obtains and loses it, to pay the amount of it to the owner.

Where one receives of another a note for collection, and is afterwards called upon by the owner of the note to know if he has collected it, and replies that he has not, but has lost it, and would pay the amount of it himself, if he should not find it—the owner of the note, after the lapse of a reasonable time, may bring an action against the party making such promise, without further demand, and if further demand were necessary, the party making the promise having died, a demand upon his executor, in legal form, is sufficient.

Where a party is thus sued for the amount of the note so lost by him, he could not require strict proof of its identity, having by his own negligence, placed it out of the power of the plaintiff to identify it, by losing it.

The claim being based upon the promise of the party to return the note if it did not answer his purpose, the loss of it by him, his failure to return it, and his promise to pay the amount of it, the plaintiff was not required to prove that the note could have been collected by proper diligence, as in cases where a note is placed in the hands of an agent for collection, and the suit is simply for the failure to collect.

*Appeal from the Circuit Court of Hempstead County.*

Hon. SHELTON WATSON, Circuit Judge.

CURRAN & GALLAGHER, for the appellant. The note was deposited by the appellee with deceased for collection, and there is

no proof that he ever collected the money, or failed to do so, through gross negligence or mismanagement. No proof was introduced showing that any demand had ever been made of deceased for the same, *either note or money.* See *Ashley & Ringo vs. Taylor & Southmayd*, 3 *Ark.* 75; *McLain et al. vs. Cummins*, 3 *Ark.* 402 ; *Taylor vs. Speers*, 1 *Eng.* 38 ; *Warner vs. Bridges*, *ib.* 385.

There was no proof that the note was of any value, or that it was a subsisting debt, and that maker was solvent. *Pennington's ex. vs. Yell*, 6 *Eng.* 215.

There is no proof tending to the identification of the note; no witness knows who was the maker of it, nor in reality the amount of it.


PIKE & CUMMINS, for appellee.


Mr. Chief Justice ENGLISH delivered the opinion of the Court.

At the January Term, 1854, of the Probate Court of Hempstead county, James Mattingley filed for allowance and classification, against the estate of James H. Dunn, a claim as follows:

         "JAMES H. DUNN,

                 *To James Mattingley*,                  *Dr.*,

*May*, 1842.

     To note on Thomas C. Porter, for sixty-five dollars, had and received by you, and due when received.          $65 00.''


To which was attached the affidavit of Mattingley, made before a justice of the peace, 10th of January, 1854, that nothing had been paid or delivered towards the satisfaction of the demand, and that the sum of $65, with interest, was justly due.

Upon which was an indorsement of John B. Sandefur, as executor of Dunn, dated 10th January, 1854, showing that the claim had been presented to him for allowance and rejected.

The allowance of the claim was contested in the Probate Court

by the executor, and the judge decided against the claimant, on the following testimony :

SHAW testified, that he was present when Mattingley handed a note to the deceased, Dunn, who took the note, and said it would answer his purpose, or words to that effect. Mattingley said to Dunn he thought the note was good, and Dunn said if it did not answer his purpose, he would return it. Witness did not remember the amount of the note—he read it—something was said about interest on the note, but no calculation was made.

Witness could not recollect all that was said between the parties, nor the amount of the note, nor to whom it was made.

REID testified, that he heard Mattingley ask Dunn if he had collected the note. Dunn said he had not collected it, and had looked for the note, a few days after Mattingley handed it to him, but could not find it. Said he wanted to write below. Dunn looked for the note on the day witness saw him, and said he could not find it—Dunn then said, if he could not find the note, Mattingly should not be the loser, he would pay the note himself. Witness did not know the amount of the note—as well as he recollected, both Dunn and Mattingley said the note was for sixty-five dollars. Witness did not know by whom it was given, nor whether it was due. Mattingley said to Dunn, it was hard that he should lose the note—Dunn then said he hoped that neither of them would lose the note, but if either of them lost it, he, Dunn, would lose it himself. Witness understood from both parties, the note was placed in Dunn's hands for collection.

Mattingley took a bill of exceptions, setting out the evidence, &c., and appealed to the Circuit Court of Hempstead county, where the judgment of the Probate court was reversed, a trial *de novo* awarded, and the cause submitted to the court sitting as a jury, upon the above testimony and finding, and judgment in favor of Mattingley for the amount of the claim, with interest, &c.

The executor of Dunn took a bill of exceptions, setting out the evidence, and stating that "this being all the evidence intro-

duced by the parties on the trial anew in this court, said appellant thereupon moved, and prayed the court, to decide and declare that the law, arising upon the testimony aforesaid, was for the appellee, and that said appellant was not entitled to recover in this suit, but the court refused so to declare, and decided that the law arising upon said facts, well entitled appellant to recover, to which opinion and decision of the court, said appellee excepted," &c.

The executor of Dunn appealed to this court:

1. It is insisted for the appellant, that the note was placed in the hands of Dunn for collection, and that there was no proof that he had collected the money, or failed to do so by gross negligence or mismanagement.

From the testimony of one of the witnesses, it may be inferred, that Dunn received the note of Mattingley to be used in some purpose of his own, and if it did not answer that purpose, to return it. The other witness understood, from the parties, that Dunn received it for collection. What the truth of the matter was, we cannot tell; but, this was a fact to be passed upon by the court below, sitting as a jury. And there being no motion for a new trial, the finding of the court, as to matters of fact, is not to be reviewed. If the court below believed the statement of the first witness, that Dunn received the note to use it, for his own benefit, and to return it, if it did not answer his purpose, the inconvenience to Mattingley, resulting from the loss of it, was a sufficient consideration for the promise made by Dunn to pay the amount of it to Mattingley, as proven by the second witness.

2. It is furthermore insisted for appellant, that Dunn received the note in the character of a bailee, and that his estate could not be made liable, without proof of a demand, &c.

The second witness testifies, that sometime after Dunn had received the note, Mattingley called upon him to know if he had collected it. Dunn said he had not, but had lost it, and if

he could not find it, he would pay the amount of it to Mattingley.

It seems to us, that if Dunn had continued in life, that no further demand would have been necessary on the part of Mattingley, but that if, after waiting a reasonable time, Dunn had not returned the note to him, he might well have sued him upon his promise, for the amount of it. But if a further demand was necessary, what other demand could Mattingley have made than he did? He probated his claim for the note, in due form, and presented it to the executor of Dunn, after his death, for allowance, and it was rejected. He could make no demand of the dead, and he made his demand upon the executor, in the mode pointed out by law.

3. The third point made for appellant, is that the second does not identify the note.

Mattingley sufficiently identifies the note in his account. The name of the maker, and the amount of it are stated. It is also stated that it was due when Dunn received it. The account is made out for the amount of the note as of May, 1852.

The witness, who was present when the note was delivered to Dunn, could not recollect the amount of the note, to whom payable, or when due. The second witness stated the amount of the note. Whose fault was it that Mattingley was unable to identify the note more particularly upon the trial? The fault of Dunn, most assuredly, in whose hands the note had been placed, and who had lost it.

It was, by his act, that Mattingley was deprived of the means of identifying the note, and he, nor his executor, could take advantage of this. The amount of the note was proven, and this was the matter in controversy.

4. Had the note been placed in the hands of Dunn simply for collection, and the action been brought against him, or his executor, for failing to collect it, it might have been necessary for Mattingley to have proven that the money could have been collected by the use of such diligence as was incumbent upon Dunn, from the

nature of his undertaking  But the claim in this case is based upon the promise of Dunn to return the note, if it did not answer his purpose, the loss of it by him, the consequent failure to return it, and his promise to pay the amount of it.

Upon the facts proven, we think the law warranted the court below in rendering judgment for the appellee, and the judgment is affirmed.

Absent, Mr Justice WALKER.